COLLEEN FLYNN, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(t)  213 252-9444
(f)  213 252-0091
(e) cflynnlaw@yahoo.com

MATTHEW STRUGAR, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
2108 Cove Avenue
Los Angeles, CA 90039
(t) 323 696-2299
(e) matthewstrugar@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BEATRIZ PAEZ,<br><br>                    PLAINTIFF,<br><br>             vs.<br><br>UNITED STATES MARSHALS SERVICE, ANTHONY BURKE, COUNTY OF LOS ANGELES, and DOES 1-10 inclusive,<br><br>                   DEFENDANTS. | Case No.:  16-cv-3070<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the laws of the United States, and is brought to redress deprivations of constitutional rights under the color of law, and includes claims against the United States. Therefore, this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1334, 1343, and 1346.

2. This action also arises under this Court's inherent equitable jurisdiction.

3. This Court has authority to grant the declaratory and injunctive relief requested pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rule of Civil Procedure, as well as the Court's inherent equitable powers.

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

5. Plaintiff Beatriz Paez is a Special Education Teacher's Assistant who works with children with special needs in the Los Angeles Unified School District. Plaintiff Paez is and, at all times material hereto was, a resident of Los Angeles County.

6. Defendant United States Marshals Service is a federal law enforcement "bureau within the Department of Justice under the authority and direction of the Attorney General." 28 U.S.C. § 561.

7. On information and belief, Defendant Anthony Burke was, at all times material hereto, a U.S. Marshal, acting within the scope of his employment and under color of law, at the scene of the altercation with Plaintiff Paez in South Gate, California on April 19, 2015, where he directed and communicated with the other Defendants in their operations that related to the altercation with Plaintiff Paez. Defendant Burke is sued in his individual capacity.

8. Defendant County of Los Angeles is a county of the state of California duly organized under the laws of the State of California. Defendant County is charged by law with the administration and operation of the Los Angeles County Sheriff's Department and charged with the employment, control, supervision, discipline, training, and practices of their personnel and employees and with the formulation of its policies, practices, and customs of its personnel and its employees. On information and belief, the County of Los Angeles was the agency responsible for the task force that conducted the raid at issue in this complaint on April 19, 2015. The County is sued on the basis of its policies, customs and/or practices which gave rise to Plaintiff's federal civil rights claims, as well as on the basis of respondent superior for her state law claims.

9. The true names, statuses, and capacities of the Defendants sued as Does 1 through 10 are unknown to Plaintiff who therefore sues these Defendants by fictitious names. Doe Defendants 1-7 include state, county, or municipal governmental entities or individual law enforcement officers employed by cities or counties within California, including the Los Angeles County Sheriff's Department, the South Gate Police Department, and the Montebello Police Department, and are responsible in some manner for the wrongful acts and conduct alleged herein. Doe Defendants 8-10 include individual law enforcement officers employed by federal agencies, including the United States Marshals Service, and are responsible in some manner for the wrongful acts and conduct alleged herein. Plaintiff will amend the Complaint to show the Doe Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes, and herein alleges, that such Doe Defendants are residents of California.

10. Each of the Defendants, including the Doe Defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff Paez by, among other things, personally participating in the unlawful conduct, or acting jointly, or conspiring with other who did so; by authorizing, acquiescing in,

or setting in motion policies, plans, or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing initiate and maintain adequate training and supervision; by failing to enact policies to address the First Amendment rights of citizens despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

11. Plaintiff is informed, believes, and thereupon alleges that at all times relevant hereto Does 1 though 10, in addition to the named Defendants, are responsible in some manner for the damages and injuries alleged herein.

12. Plaintiff is informed, believes, and thereupon alleges that at all times relevant hereto Defendants, and each of them, acted as the agents, servants and employees of the other Defendants.

13. In doing each of the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

14. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTS

15. In the early afternoon of Sunday, April 19, 2015, Plaintiff Beatriz Paez was walking in her South Gate, California neighborhood for exercise. She had with her a cellular phone, with in-ear headphones attached, and a water bottle. As she walked, she noticed numerous motorcycles parked in the neighborhood and assumed that a local motorcycle club was having an afternoon block party.

16. As she walked south down San Juan Street from Tenaya Street, she observed a large number of law enforcement vehicles and officers, some dressed like local police and some who appeared as if they were in the military holding large firearms. According to subsequent reports, officers from the Los Angeles

Sheriff's Department and the U.S. Marshals Service were involved in a multi-agency taskforce targeting the Mongols motorcycle club.

17. On information and belief, the County of Los Angeles through the Los Angeles Sheriff's Department was the agency with ultimate command and responsibility over this multi-agency task force, and all law enforcement officers acting as a part of the task force were servants or agents of the County.

18. Paez observed that the officers had a group of about eight people on the ground in front of a house at gunpoint. At least one of them appeared to be wearing a motorcycle club-type vest.

19. She stopped several houses away from where the law enforcement activity was happening and began to film the interaction with her cellular phone.

20. Two unidentified law enforcement officers walked towards Paez, told her she could not film the interaction, and repeatedly blocked her attempt to film the interaction.

21. Paez asserted her right to film the interaction and told the officers that they were intimidating her.

22. In apparent retaliation for Paez's assertion of her rights, the two officers who initially confronted Paez appeared to summon and/or direct a third officer, later identified as a U.S. Marshal, to assault Paez. The U.S. Marshal—a man much larger than Paez who, on information belief, is Defendant U.S. Marshal Anthony Burke—rushed at her. As Paez tried to back away and protect both herself and her phone, the Marshal overtook her, wrenched both her phone and water bottle out of her hands, smashed them on the ground, and then stomped and kicked them. When the Marshal wrenched her phone away he ripped out one in-ear headphone from her ear.

23. A neighbor across the street caught the Marshal's attack of Ms. Paez on video, which is available at https://www.youtube.com/watch?v=O-J-6SkuKJ0.

4
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

24. The video generated substantial media coverage, including admissions from the U.S. Marshals Service that the person who assaulted Paez was a U.S. Marshal. In response to the outcry generated by the news coverage of the incident, Congresswoman Janice Hahn called for an independent investigation by the Department of Justice and the Marshals Service declared that it was investigating the incident. To date, no results of that investigation have been announced or released to the public.

25. As a result of this incident, Paez has suffered emotional distress and severe anxiety. The incident made Paez feel unsafe in her own neighborhood, fearing retaliation from law enforcement, and to fear for her children's safety. The incident left her anxious, overwhelmed, and resulted in difficulty eating and sleeping. She feels completely different – the incident changed her. Though she had lived in South Gate for approximately 12 years, the emotional distress caused by the incident caused her to move to a different city a few months later. Even after moving to a different City, the incident still leaves Paez feeling scared, traumatized, and fearful.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff filed a Federal Tort Claims Act Claim with the United States Marshals Service pursuant to 28 U.S.C. § 2675 on October 29, 2015. To date, the United States Marshals Service failed to make final disposition of Plaintiff's claim. It has therefore been constructively denied pursuant to 28 U.S.C. § 2675(a).

27. Plaintiff timely filed claims with Defendant County of Los Angeles pursuant to Cal. Gov't Code § 810 *et seq*. on October 14, 2015. Defendant County of Los Angeles denied Plaintiff's claim on November 5, 2015.

## *MONELL* ALLEGATIONS

28. The individual Doe Defendants 1-7's actions were the result of custom, policy, or practice, and/or the inadequate training, supervision, instruction, and discipline of the Defendants County of Los Angeles. To the extent he was an

agent or servant of the County of Los Angeles, Defendant Burke's actions were also the result of custom, policy, or practice, and/or the inadequate training, supervision, instruction, and discipline of the Defendant County of Los Angeles. Such inadequate training, supervision, instruction and discipline are the custom and practice of Defendant County of Los Angeles. By the practice or custom of failing to adequately train, supervise, instruct or discipline their police officers, Defendant County of Los Angeles has condoned the violations of rights that are the subject of this action, and have thereby encouraged and ratified such conduct.

29. These rights were clearly established long before the incident on April 19, 2015.

30. The Department of Justice filed a Statement of Interest in May 2012 in *Sharp v. Baltimore City Police Department, et. al*, No. 1:11-cv-2888-CCB (D. Maryland), explaining that any person has the right to photograph the police from a public sidewalk.

31. In response to a civil rights lawsuit filed against it, the District of Columbia Police Department promulgated a comprehensive policy in July 2012 that explained that people have the right to photograph the police from a public sidewalk and cannot be detained, hassled, or asked for their identification based on their lawful First Amendment Activity. The D.C. Police Department further specified to its officers that it was unlawful to seize a cellphone based on recording members of the department, and that a warrant was necessary to seize a cellphone.

32. Defendants failed to adequately train its officers on the requirements of the First Amendment.

### FIRST CAUSE OF ACTION
### Violation of the First Amendment to the U.S. Constitution

33. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint.

34. Plaintiff brings this Cause of Action against Defendant Burke and Doe Defendants 8-10 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

35. Plaintiff brings this Cause of Action against the Defendants County of Los Angeles, and Doe Defendants 1-7 pursuant to 42 U.S.C. § 1983.

36. On information and belief, Defendants were acting jointly and in concert in taking the actions alleged.

37. Defendants' actions violated Plaintiff's clearly established rights to freedom of expression under the First Amendment to the United State Constitution by prohibiting Plaintiff from exercising her constitutional right to free speech and expression in a public forum, and the freedom of the press.

38. As a result of the Defendants' unlawful conduct, Plaintiff has suffered property loss, emotional distress, humiliation, and embarrassment, and is entitled to monetary damages.

39. Defendants knew or should have known that prohibiting Plaintiff from exercising her constitutional right to free speech and expression in a public forum was a clearly established violation of the First Amendment at the time of the incident.

40. Plaintiff intends to continue videorecording law enforcement activity in public, but fears further assault and other retaliation by law enforcement. That fear inhibits her from videorecording as much as she would like or in situations she would like to record.

## SECOND CAUSE OF ACTION

**Retaliation in Violation of the First Amendment to the U.S. Constitution**

41. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint.

42. Plaintiff brings this Cause of Action against Defendant Burke and Doe Defendants 8-10 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

43. Plaintiff brings this Cause of Action against the Defendants County of Los Angeles and Doe Defendants 1-7 pursuant to 42 U.S.C. § 1983.

44. On information and belief, Defendants were acting jointly and in concert in taking the actions alleged.

45. Defendants knew or should have known that both prohibiting the recording of police activity, and retaliating against someone for exercising her First Amendment rights, were clearly established as violations of the First Amendment at the time of the incident.

46. Defendants' actions also violated Plaintiff's First Amendment rights when they assaulted her and destroyed her property in retaliation for Plaintiff's insistence that she had a right to video record them from a public sidewalk safely away from the police activity. Plaintiff had a First Amendment right to assert her right to videotape to the Defendants. It was unlawful to assault her and destroy her property, and conspire to do so, in response to her speech.

47. Defendants knew or should have know that retaliating against someone for asserting her First Amendment rights was a clearly established violation of the First Amendment at the time of the incident.

48. As a result of the Defendants' unlawful conduct, Plaintiff has suffered property loss, emotional distress, humiliation, and embarrassment, and is entitled to monetary damages.

49. Plaintiff intends to continue videorecording law enforcement activity in public, but fears further assault and other retaliation by law enforcement. That fear inhibits her from videorecording as much as she would like or in situations she would like to record.

## THIRD CAUSE OF ACTION

### Fifth and Fourteenth Amendments to the U.S. Constitution

50. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint.

51. Plaintiff brings this Cause of Action against Defendant Burke and Doe Defendants 8-10 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

52. Plaintiff brings this Cause of Action against the Defendant County of Los Angeles and Doe Defendants 1-7 pursuant to 42 U.S.C. § 1983.

53. On information and belief, Defendants were acting jointly and in concert in taking the actions alleged.

54. The Fifth Amendment protects Plaintiff against deprivation of her property by federal officials without notice and an opportunity to be heard.

55. The Fourteenth Amendment protects Plaintiff against deprivations of her property by state and local governments and their officials without notice and an opportunity to be heard.

56. Defendants knew or should have known that depriving Plaintiff of her property without notice and an opportunity to be heard were clearly established as violation to the Fifth and Fourteenth Amendments at the time of the incident.

57. As a result of the Defendants' unlawful conduct, Plaintiff has suffered property loss, emotional distress, humiliation, and embarrassment, and is entitled to monetary damages.

## FOURTH CAUSE OF ACTION

### Fourth Amendment to the U.S. Constitution

58. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint.

59. Plaintiff brings this Cause of Action against Defendant Burke and Doe Defendants 8-10 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

60. Plaintiff brings this Cause of Action against the Defendants County of Los Angeles and Doe Defendants 1-7 pursuant to 42 U.S.C. § 1983.

61. On information and belief, Defendants were acting jointly and in concert in taking the actions alleged.

62. Defendants' actions violated Plaintiff's Fourth Amendment clearly established rights by subjecting Plaintiff to an unlawful seizure by grabbing Plaintiff and then seizing, smashing, kicking, and destroying Plaintiff's cellular telephone, thereby seizing and destroying material stored on the telephone.

63. Defendants knew or should have known that their conduct in seizing and destroying Plaintiff's cellular telephone violated Plaintiff's clearly established constitutional rights.

64. As a result of the Defendants' unlawful conduct, Plaintiff has suffered property loss, emotional distress, humiliation, and embarrassment, and is entitled to monetary damages.

65. Plaintiff intends to continue videorecording law enforcement activity in public, but fears further assault and other retaliation by law enforcement. That fear inhibits her from videorecording as much as she would like or in situations she would like to record.

## FIFTH CAUSE OF ACTION
### Assault and Battery

66. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint

67. Plaintiff brings this Cause of Action against Defendant United States Marshals Service pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

68. The U.S. Marshal, who on information and belief is Defendant Burke, placed Plaintiff in imminent apprehension of offensive and harmful contact, and did engage in a willful and unprovoked, unjustified, and unlawful use of force, by wrenching Plaintiff's cellular telephone out of her hands, smashing it against the ground, kicking it, and destroying it, so as to constitute assault and battery under the law of California.

69. The U.S. Marshal, who on information and belief is Defendant Burke, was acting within the scope of his employment by the United States Marshals Service when he subjected Plaintiff to the assault and battery, and was working as a law enforcement officer as defined by 28 U.S.C. § 2680(h).

70. Pursuant to 28 U.S.C. § 2675(a), the claims set forth herein were timely presented by Plaintiff to the United States Marshals Service in October 2015 and should be deemed denied by virtue of agency inaction.

71. As a result of the U.S. Marshal's unlawful conduct, Plaintiff has suffered property loss, emotional distress, humiliation, and embarrassment, and is entitled to monetary damages.

72. Plaintiff intends to continue videorecording law enforcement activity in public, but fears further assault and other retaliation by law enforcement. That fear inhibits her from videorecording as much as she would like or in situations she would like to record.

### SIXTH CAUSE OF ACTION
### Conversion

73. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint

74. Plaintiff brings this Cause of Action against Defendant United States Marshals Service pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

75. The U.S. Marshal, who on information and belief is Defendant Burke, by wrenching Plaintiff's cellular telephone from her hands, smashing it on the

ground, and stomping and kicking it, all without her consent, intentionally and substantially interfered with Plaintiff's property, all without her consent, so as to constitute conversion under the law of California.

76. The U.S. Marshal, who on information and belief is Defendant Burke, was acting within the scope of his employment by the United States Marshals Service when Plaintiff was subjected to the conversion, and was working as a law enforcement officer as defined by 28 U.S.C. § 2680(h).

77. Pursuant to 28 U.S.C. § 2675(a), the claims set forth herein were timely presented by Plaintiff to the United States Marshals Service in October 2015 and should be deemed denied by virtue of agency inaction.

78. As a result of the the U.S. Marshal's unlawful conduct, Plaintiff has suffered property loss and is entitled to monetary damages.

### SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

79. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint

80. Plaintiff brings this Cause of Action against Defendant United States Marshals Service pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

81. The U.S. Marshal, who on information and belief is Defendant Burke, by rushing at Plaintiff, overtaking her, and wrenching both her cellular telephone and water bottle out of her hands, smashing both on the ground, and stomping and kicking both intentionally, or with gross negligence, engaged in outrageous conduct, causing Plaintiff to suffer emotional distress and severe anxiety, so as to constitute intentional infliction of emotional distress under California law.

82. The U.S. Marshal, who on information and belief is Defendant Burke, was acting within the scope of his employed by the United States Marshals Service when Plaintiff was subjected to the intentional infliction of emotion distress, and was working as a law enforcement officer as defined by 28 U.S.C. § 2680(h).

83. Pursuant to 28 U.S.C. § 2675(a), the claims set forth herein were timely presented by Plaintiff to the United States Marshals Service in October 2015 and should be deemed denied by virtue of agency inaction.

84. As a result of the U.S. Marshal's unlawful conduct, Plaintiff has suffered emotional distress, severe anxiety, humiliation, and embarrassment, and is entitled to monetary damages.

85. Plaintiff intends to continue videorecording law enforcement activity in public, but fears further intentional infliction of emotional distress and other retaliation by law enforcement. That fear inhibits her from videorecording as much as she would like or in situations she would like to record.

## EIGHTH CAUSE OF ACTION

## Violation of California Civil Code § 52.1

86. Plaintiff realleges and incorporates herein by reference the preceding paragraphs of this Complaint.

87. Plaintiff brings this Cause of Action against Defendant United States Marshals Service pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

88. Plaintiff brings this Cause of Action against Defendant County of Los Angeles and Does 1-7 by operation of state law.

89. Plaintiff brings this Cause of Action against Defendant Burke as an agent or servant of the County of Los Angeles and for actions within the scope of his employment as an agent or servant of the County of Los Angeles.

90. The Defendants by their conduct interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiff's rights as secured by the First and Fourth Amendments to the United States Constitution or laws of the United States.

91. There was no lawful justification for Defendants to threaten, intimidate, or coerce Plaintiff or to attempt to use threats, intimidation, or coercion

to interfere with Plaintiff's right to lawfully film a police interaction from a public sidewalk at a safe distance.

## NINTH CAUSE OF ACTION
## Violation of 42 U.S.C. § 1985(3)

92. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

93. Defendants, by engaging in the conduct detailed above, agreed to deprive Plaintiff of the equal protection of the laws and of equal privileges and immunities of the laws of the United States because of Plaintiff's exercise of her First Amendment rights, resulting in injury to Plaintiff, in violation of 42 U.S.C. § 1985.

94. As a result of the Defendants' conspiracy, Plaintiff has suffered property loss, emotional distress, severe anxiety, humiliation, and embarrassment, and is entitled to monetary damages.

95. Plaintiff intends to continue videorecording law enforcement activity in public, but fears further conspiracies and other retaliation by law enforcement. That fear inhibits her from videorecording as much as she would like or in situations she would like to record

## REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully request the Court enter a judgment as follows:

1. a declaratory judgment that Defendants' actions as described herein violated the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

2. to the extent that the Court finds that Defendants' conduct was authorized by custom, policy, or practice, and/or the inadequate training, supervision, instruction and discipline, a declaratory judgment that those customs, policies, or practices, and/or the inadequate trainings, supervisions, instructions

and disciplines are unconstitutional under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

3. as to the Defendants United States Marshals Service and County of Los Angeles, an injunction to prevent the unlawful interferences of individuals solely based on the fact that they are taking videorecordings in public places where videorecording otherwise violates no law;

4. compensatory and statutory damages in an amount to be determined at trial;

5. reasonable attorneys' fees and costs;

6. pre- and post-judgment interest as permitted by law; and,

7. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues and claims triable to a jury.

Dated: May 4, 2016

Respectfully submitted,

/s/ Colleen Flynn_____
COLLEEN FLYNN, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(t) 213 252-9444
(f) 213 252-0091
(e) cflynnlaw@yahoo.com

/s/ Matthew Strugar_____
MATTHEW STRUGAR, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
2108 Cove Avenue
Los Angeles, CA 90039
(t) 323 696-2299
(e) matthewstrugar@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF